UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR16-0259JLR |
| Plaintiff, | ORDER |
| v. | |
| HENRY FREDRICK BROWN, | |
| Defendant. | |

## I.  INTRODUCTION

Before the court is *pro se* Defendant Henry Fredrick Brown's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1).  (2d Mot. (Dkt. # 57).)  Plaintiff the United States of America (the "Government") opposes Mr. Brown's motion.  (Resp. (Dkt. # 76).)  The court has considered Mr. Brown's motion, the parties' submissions in support of and in opposition to the motion, the relevant portions of the record, and the applicable law.  Being fully advised, the court DENIES Mr. Brown's motion.

//

ORDER - 1

## II. BACKGROUND

Mr. Brown is a 51-year-old inmate who is currently detained at Federal Correctional Institution ("FCI") Schuylkill. *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Dec. 13, 2023). After determining that Mr. Brown was selling illicit drugs from his home, authorities executed a search warrant of the residence and discovered distribution-level quantities of methamphetamine, MDMA, and heroin, over 200 prescription pills, three handguns, two shotguns, two grenades, and over $78,000 in cash. (*See* Presentence Investigation Report ("PSR") (Dkt. # 32 (sealed)) at 3; Indictment (Dkt. # 10).) Mr. Brown pleaded guilty to one count of Possession of Methamphetamine with Intent to Distribute and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Offense. (Plea Agreement (Dkt. # 36) at 1.) On July 10, 2017, the court sentenced Mr. Brown to 120 months of imprisonment followed by five years of supervised release. (*See* 7/10/17 Min. Entry (Dkt. # 35); Judgment (Dkt. # 36).) Mr. Brown's projected release date is February 14, 2025. *See Inmate Locator*.

On March 15, 2021, Mr. Brown filed his first motion for a reduction in sentence through counsel. (1st Mot. (Dkt. # 47).) He sought compassionate release due to the health risks posed by COVID-19 coupled with Mr. Brown's hypertension and obesity, among other reasons. (*Id.* at 4-5.) The court denied the motion because Mr. Brown failed to demonstrate that extraordinary and compelling reasons justified compassionate release. (5/11/21 Order (Dkt. # 56).) On May 11, 2023, acting *pro se*, Mr. Brown filed the instant motion for a reduction in sentence, his second such motion. (*See generally* 2d Mot.) Assistant federal public defender Vicki Lai entered an appearance in this matter on

1 | June 27, 2023, but Ms. Lai later withdrew due to a conflict learned during representation.
2 | (NOA (Dkt. # 63); Mot. to Withdraw (Dkt. # 74) at 1; 11/8/23 Order (Dkt. # 75).) Mr.
3 | Brown is now proceeding *pro se*. Following multiple extensions of the briefing schedule
4 | (*see, e.g.*, 6/28/23 Order (Dkt. # 64); 7/21/23 Order (Dkt. # 67)), the motion is now ripe
5 | for decision.

### III. ANALYSIS

Mr. Brown seeks a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See generally* 2d Mot.) Mr. Brown appears to request that the court reduce his sentence to time served and order his immediate release. (*See id.* at 5[1] ("Defendant is ready for release.").) The court begins by setting forth the standard of review before turning to the merits of Mr. Brown's motion.

**A.     Standard for a Reduction in Sentence**

A court generally may not correct or modify a prison sentence once it has been imposed, unless permitted by statute or by Federal Rule of Criminal Procedure 35. *United States v. Penna*, 315 F.3d 509, 511 (9th Cir. 2003); *see also Dillon v. United States*, 506 U.S. 817, 824-25 (2010). 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018 ("First Step Act"), "allows certain inmates to seek a form of sentence modification," commonly referred to as compassionate release, "by filing motions to that effect with the district court." *See United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022); *Riley v. United States*, No. C19-1522JLR, 2020 WL 1819838, at *5 (W.D. Wash.

---

[1] The court cites to the page numbers in the CM/ECF header when referencing Mr. Brown's pleadings.

ORDER - 3

Apr. 10, 2020). Under § 3582(c)(1), courts have the authority to reduce a sentence upon the defendant's motion if three conditions are met: (1) the defendant has either exhausted all administrative rights to appeal the Bureau of Prisons' ("BOP") failure to bring such a motion on the defendant's behalf or has waited until 30 days after the warden of the defendant's facility has received such a request; (2) the defendant has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with "applicable policy statements" issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also Riley*, 2020 WL 1819838, at *5. If the defendant meets all three conditions, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding whether compassionate release is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A).

As originally enacted, 18 U.S.C. § 3582(c)(1)(A) permitted only the BOP Director to file motions for a reduction in sentence based on extraordinary and compelling circumstances. *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (per curiam). That changed with the First Step Act, which amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants, in addition to the BOP Director, to file such motions on their own behalf. *Id.* Following the First Step Act, the Ninth Circuit held in *Aruda* that the Sentencing Commission's then-current policy statement—which limited "extraordinary and compelling reasons" to four categories—was not an "applicable policy statement" to defendant-filed motions because the policy statement pre-dated the amendment permitting defendant-filed motions. *Id.* at 798, 800-01. Accordingly, under *Aruda*, the district court had "discretion to consider a combination of 'any' factors

particular to the case at hand" when determining whether extraordinary and compelling circumstances existed with respect to a defendant-filed motion, and the court was not limited to the categories outlined in the policy statement. *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022) (quoting *Aruda*, 993 F.3d at 802); *see also United States v. Van Cleave*, No. CR03-0247RSL, 2020 WL 2800769, at *5 (W.D. Wash. May 29, 2020) (referring to the policy statement as "persuasive, but not binding").

In April 2023, however, the Sentencing Commission proposed amendments to the policy statement, which were approved by Congress and took effect on November 1, 2023. *See Sentencing Guidelines for United States Courts*, 88 Fed. Reg. 28254 (May 3, 2023) (expanding the categories of "extraordinary and compelling reasons" that support a reduction in sentence, among other changes); U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 (as amended). Because the current policy statement post-dates the First Step Act, *Aruda* no longer controls—the policy statement does. *See Aruda*, 993 F.3d at 801-02; U.S.S.G. § 1B1.13. The current policy statement limits "extraordinary and compelling reasons" to six categories: (1) medical circumstances of the defendant, (2) age of the defendant, (3) family circumstances of the defendant, (4) victim of abuse, (5) other reasons that are "similar in gravity" to the prior four categories, and (6) unusually long sentence. U.S.S.G. § 1B1.13(b)(1)-(6). Thus, in order to obtain relief, the defendant must demonstrate that "extraordinary and compelling reasons," as defined by these six categories, justify a reduction in sentence. *Id.* Finally, under the policy statement, the defendant must also show that they are "not a danger to the safety of any

//

other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* § 1B1.13(a)(2).

**B.     Exhaustion of Administrative Remedies**

Before considering the merits of Mr. Brown's motion, the court must determine whether he has met the statutory exhaustion requirement for a reduction in sentence. *See* 18 U.S.C. § 3582(c)(1)(A). Where, as here, the director of the BOP has not filed the motion on defendant's behalf, the court may consider the motion only if the defendant has requested that the BOP make such a motion and either (i) the defendant has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or (ii) 30 days have elapsed since the "warden of the defendant's facility" received a compassionate-release request from the defendant. *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Ninth Circuit has held that "§ 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked," rather than a rule that deprives this court of subject matter jurisdiction. *Keller*, 2 F.4th at 1282. "In other words, if raised by the government in opposition to a motion for compassionate release, the exhaustion requirement must be enforced, but if the government does not raise the exhaustion requirement, it may be waived as a ground for opposing compassionate release." *United States v. Ortiz*, No. CR12-0062RSL, 2023 WL 1781565, at *3 (W.D. Wash. Feb. 6, 2023).

Mr. Brown's motion neither alleges nor provides evidence that he exhausted his administrative remedies. (*See generally* 2d Mot.) But the Government expressly

declined to challenge the motion based on non-exhaustion because Mr. Brown's former attorney in this matter, Ms. Lai, represented to the Government that Mr. Brown satisfied the exhaustion requirement in early November 2023. (Resp. at 4. n.1.) Accordingly, the court concludes that the Government has waived the exhaustion requirement as a ground for opposing Mr. Brown's motion. *Ortiz*, 2023 WL 1781565, at *3.

**C.   Extraordinary and Compelling Circumstances**

Mr. Brown bears the burden of establishing that "extraordinary and compelling" circumstances warrant a reduction of his term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Suryan*, No. CR19-0082RAJ, 2021 WL 3510423, at *2 (W.D. Wash. Aug. 10, 2021); *see also* U.S.S.G. § 1B1.13(b)(1)-(6). Mr. Brown argues that he is entitled to a reduction in sentence because of: (1) his rehabilitation; (2) his mother's health issues and need for assistance; and (3) his low risk to the community. (*See* 2d Mot. at 3-5.) For the reasons set forth below, the court concludes that Mr. Brown has not established "extraordinary and compelling reasons" justifying his release.

   1. Post-Sentence Rehabilitation

Mr. Brown argues that his post-sentence rehabilitation presents an extraordinary and compelling reason for compassionate release. (2d Mot. at 3.) Mr. Brown notes that he has served over 70% of his sentence and completed the Residential Drug Abuse Program ("RDAP"), served as an RDAP mentor, taken vocational training and anger management courses, done an apprenticeship in the culinary arts, maintained employment, and "stayed out of trouble." (*Id.*) Although the court commends Mr.

Brown for taking these strides and does not intend to minimize his progress, such rehabilitative efforts do not alone establish "extraordinary and compelling" circumstances warranting early release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a reduction in sentence.); *see, e.g.*, *United States v. Cruz-Cruz*, No. CR13-0049RSL, 2021 WL 1968389, at *5 (W.D. Wash. May 17, 2021) (determining that early release was not justified by defendant's accomplishments where defendant engaged in educational programming and incurred minimal disciplinary infractions during his incarceration).

      2.   <u>Family Circumstances</u>

Mr. Brown next argues that his elderly mother's poor health constitutes an extraordinary and compelling reason for compassionate release. (2d Mot. at 3-4.) The Sentencing Commission's policy statement provides that "family circumstances of the defendant" can constitute an extraordinary and compelling reason for compassionate release where the defendant's parent is incapacitated and "the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). Mr. Brown merely alleges that his mother is 80 years old, "is struggling to support herself in old age," and needs help with medical bills, rent, and transportation to and from doctor's appointments. (2d Mot. at 3.) Mr. Brown makes no showing that his mother is incapacitated or that he would be her only available caregiver. (*See generally id.*) Indeed, as the Government points out, the record in this case suggests that Mr. Brown is an unlikely caregiver because he does not have a close relationship with his mother and because he has other family members who could potentially assist her, including a brother, a half-brother, and

an adult daughter. (PSR at 9-10; *see also* Resp. at 6.) Even assuming Mr. Brown's mother is incapacitated, Mr. Brown does not explain why his other family members cannot care for her. *See* U.S.S.G. § 1B1.13(b)(3)(C). Accordingly, the court concludes that Mr. Brown's family circumstances do not constitute an extraordinary and compelling reason supporting compassionate release.

### 3. Risk to the Community

Finally, Mr. Brown argues he poses a low risk to the community. (2d Mot. at 4-5.) Mr. Brown states that he was never a danger to the community, he has grown as a person, he intends to volunteer in the community upon his release, and that his five-year period of supervised release will ensure that he does not recidivate. (*Id.*) But the court need not consider Mr. Brown's risk to the community because the Sentencing Commission's policy statement requires him to show that "[e]xtraordinary and compelling reasons warrant the reduction" *and* that he "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(1)-(2). Accordingly, Mr. Brown's alleged low risk to the community does not itself constitute an extraordinary and compelling reason that could justify compassionate release—Mr. Brown must establish some justification for release other than his risk level, which he has failed to do. *See id.*

Even if Mr. Brown's risk level alone could justify compassionate release, Mr. Brown has not provided any evidence of his prison disciplinary record. (*See generally* 2d Mot.) Without this information, the court cannot meaningfully examine Mr. Brown's risk to the community. In addition, Mr. Brown's claim that he "was *never* a danger to the community" is not well-taken in light of his offenses and guilty plea. (*Id.* at 4 (emphasis

added); *see also* PSR at 3 (describing Mr. Brown's alleged offense conduct, which included possession of distribution-level quantities of illicit drugs and multiple firearms and grenades); Plea Agreement at 1 (pleading guilty to one count of Possession of Methamphetamine with Intent to Distribute and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Offense).)

The court further finds that, even when Mr. Brown's arguments are considered together, he has not established "extraordinary and compelling" reasons justifying a reduction in sentence. Having determined that Mr. Brown has not made the requisite showing of extraordinary and compelling reasons warranting a reduction in sentence, the court need not analyze whether a reduction in Mr. Brown's sentence would be consistent with the factors set forth in 18 U.S.C. § 3553(a). Accordingly, the court DENIES Mr. Brown's motion for a reduction in sentence.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Brown's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1) (Dkt. # 57).

Dated this 14th day of December, 2023.

JAMES L. ROBART
United States District Judge